UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARCUS ISAISH ELLIS,

Petitioner,

vs. Case No. 3:10-cv-419-J-37TEM

SECRETARY, DOC, etc.; et al.,

Respondents.

---

**ORDER**

Petitioner Marcus Isaish Ellis filed a *pro se* Petition for Writ of Habeas Corpus (Petition) (Doc. #1) pursuant to 28 U.S.C. § 2254 on May 14, 2010. It challenges a 2009 state court (Duval County) conviction for burglary of a dwelling. Two grounds for habeas relief are raised, and the Court is mindful of its responsibility to address each ground, Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), Dupree v. Warden, No. 11-12888, 1013 WL 1875301, at *3 (11th Cir. May 7, 2013); however, no evidentiary proceedings are required in this Court.

Respondents filed a Response (Response) (Doc. #19)[1] with Exhibits (Ex.).[2] Petitioner filed a Reply to Respondents' Response

---

[1] Respondents calculate the Petition is timely, Response at 11, and the Court accepts this calculation.

[2] The Court hereinafter refers to the Exhibits as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page. Otherwise, the page

(Doc. #22). See Order to Show Cause (Doc. #7). Initially, Respondents did not provide the Court with a copy of the transcript of the plea and sentencing proceeding. The Court directed Respondents to provide the Court with a copy of the Transcript, see Order (Doc. #24), and Respondents provided the Transcript (Tr.) on November 27, 2012 (Doc. #25). After receiving and reviewing the Transcript, the Court directed Respondents to submit a supplemental response addressing a variance between the arrest and booking report, which states that the offense occurred on December 8, 2008, and the Information, which states that the offense occurred on December 8, 2007. See Order (Doc. #26). Additionally, Respondents were directed to address the Court's concern that the factual basis for the plea provided by the prosecutor, which was accepted by the trial court, referred to an offense date of December 8, 2007, a year prior to the apparent commission of the offense.[3] Id. Finally, Respondents were directed to address the issue of possible relief under these circumstances. Id. Respondents filed a Response to March 4, 2013 Order (Supplemental Response) (Doc. #27) on March 12, 2013.

---

number on the particular document will be referenced.

[3] Although a negotiated disposition was reached, Tr. at 6, Petitioner did not enter a stipulation to the factual basis for the plea. He did, however, state that he was entering a plea of guilty because he was guilty. Id. at 10. Of note, the Plea of Guilty and Negotiated Sentence form does not include the date of the offense. Ex. E at 15-16.

## STANDARD OF REVIEW

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." Harrington v. Richter, 131 S.Ct. 770, 784 (2011). The exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts. Id. at 785.

There is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption applies to the factual determinations of both trial and appellate courts. See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims he received the ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. In order to prevail on this Sixth Amendment claim, he must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). In the context of an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

**EXHAUSTION**

Petitioner claims his counsel was ineffective in two respects: (1) for failing to explain the critical elements of burglary and mount a viable defense, leading to an involuntary plea; and (2) for failing to argue for a downward departure during sentencing. These grounds will be addressed in turn as Respondents concede that Petitioner has exhausted his state court remedies. Response at 11, 13.

**PROCEDURAL HISTORY**

Upon review of the record, the following transpired. Petitioner was charged by Information with burglary of an occupied dwelling. Ex. B, Case No. 2008-CF-17372, Information. The Arrest Report, in pertinent part, contains the following:

> On **12/08/08** at 1711, I was dispatched to 1427 West 27th Street in reference to a burglary which just occurred.
>
> Upon my arrival I met Mr. Denson and Ms. Gaines, the victims, outside who advised me that there [sic] were upstairs when they heard someone kicking at their back door and

> believed that the suspect was inside of their residence.
>
> I conducted a search of the residence and found the above listed suspect, Mr. Ellis, hiding [in] the upstairs bedroom closet. The suspect complied too [sic] my demands and he was detained. Post Miranda the suspect advised me that he resides at this residence and he was just in the closet changing his cloths [sic]. In an attempt to get the suspect down the stairs he claimed that he was drunk and asked me where he was. The suspect had a hard time walking down the stairs and fell at [t]he door where the victim's Gaines Florida's identification card, debit card, cash, Block Busters [sic] card, and Foot Locker card fell out of his top front jump suit pocket. The suspect also had put on victim Denson's pants which contained his cigarettes and money.
>
> All property was released back to the victims. An evidence technician was called for processing. The witness was [sic] called in the suspicious person in the area (CCR# 1149092). She advised that she observed the suspect wearing the army jump suit running around knocking and banging on people [sic] doors.
>
> The suspect was taken to the PMB to be interviewed by a burglary detective but due [to] the suspect's appearance Detective E.C. Hall #6031 advised me that he would not interview the suspect in his condition.
>
> The suspect's constitutional rights were read by card. The suspect was arrested and transported to the PTDF.

Ex. A, Arrest Report at 2 (emphasis added).

The Information, dated December 30, 2008, states:

> MARCUS ISAIAH ELLIS **on December 8, 2007,** in the County of Duval and the State of Florida, did unlawfully enter or remain in a structure,

> to wit: a dwelling, the property of Jessica Gaines, when another human being, to-wit: Jessica Gaines was in said structure, with the intent to commit an offense therein, contrary to the provisions of Section 810.02(3)(a), Florida Statutes.

Ex. B (emphasis added).

Assistant Public Defender Senovia Lance represented Petitioner. Tr. at 2. Petitioner and his counsel signed a Plea of Guilty and Negotiated Sentence form. Ex. E at 16. In short, the form states that Petitioner is pleading guilty to burglary of a dwelling, a second degree felony, the sentence will be for five years in prison, with 107 days of credit, $621.00 in costs, and $150.00 for the public defender. Id. at 15. At the plea proceeding on March 25, 2009, Ms. Lance announced the following:

> Your Honor, we've reached a negotiated disposition. Mr. Ellis will receive an adjudication of guilt of burglary to a dwelling. It's a second-degree felony. He will receive five years in the Florida State Prison, with 107 days credit. Court costs of $621.00, and a PD lien of $150.00.

Tr. at 6.

The prosecutor referenced guidelines from twenty-two months to fifteen years. Id. at 7. The state presented the factual basis for the plea:

> Had this case proceeded to trial, the State would have been able to prove, beyond a reasonable doubt, that Marcus Isaiah Ellis, **on December 8th, 2007**, in the County of Duval, and the State of Florida, did unlawfully enter or remain in a structure, to-wit, a dwelling, the property of Jessica Gaines, when another human being was present, Jessica Gaines, was

> in said structure, with the intent to commit an offense therein, contrary to the provisions of Section 810.02(3)(a), Florida Statutes.

Id. at 7.

Petitioner was duly sworn and a plea colloquy was conducted. Id. at 7-8. Petitioner was asked if he understood the charge, and he responded affirmatively. Id. at 8. He was also asked if he understood that he could be sentenced to up to fifteen years, and he responded affirmatively. Id. Petitioner confirmed that he gave his counsel permission to enter into negotiations with the state, and Petitioner agreed to the negotiated sentence of five years of incarceration and costs. Id. He stated he was satisfied with his counsel's representation. Id. He confirmed that he had discussed the state's case against him with counsel. Id. Petitioner stated that they talked about all of the defenses that could be raised if he had gone to trial. Id. at 7-8. He said his counsel had thoroughly investigated the state's case against him. Id. at 9. Petitioner concluded that there was nothing that counsel failed to do in thoroughly investigating the state's case. Id. at 9-10. Finally, Petitioner confirmed that he was entering the plea of guilty because he is guilty. Id. at 10. The court went on to inform Petitioner of the rights he was giving up by entering into the plea. Id. at 11.

After completing this colloquy, the trial court said: "[t]hen I'll find your plea is freely and voluntarily entered, with a full understanding of the consequences, and there is a factual basis for

the plea." Id. at 12. Petitioner was adjudicated guilty and sentenced to five years and costs. Id. No direct appeal was taken.

Petitioner filed a Motion for Modification or Reduction of Sentence. Ex. C. The motion was denied. Ex. D. Next, on July 22, 2009, Petitioner filed a Rule 3.850 motion in the trial court. Ex. E at 1-11. In his motion, Petitioner claimed his counsel was ineffective for failing to explain that a conviction for burglary required a showing of intent to commit an offense, and he had no intent because he was unconscious when he was found, providing a viable defense to the charge; and for failing to argue for a downward departure during sentencing. Id. The trial court, on July 30, 2009, denied the Rule 3.850 motion. Id. at 12-16. On August 19, 2009, rehearing was denied. Id. at 25. Petitioner appealed the denial of his Rule 3.850 motion, and the First District Court of Appeal affirmed on January 22, 2010. Petition at 5-6; Response at 3.[4]

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**Ground One**

The first ground of the Petition is: "Involuntary Plea due to counsel's failure to explain the critical elements of 'Burglary' and mount a viable defense." Petition at 4. In this ground,

---

[4] Although Respondents reference Exhibits F and G in the Response, these documents were not submitted to the Court. See Index to Exhibits (Doc. #19).

Petitioner raises a Sixth Amendment claim asserting he received ineffective assistance of trial counsel based on counsel's failure to investigate the crime and to advise Petitioner that he had a viable defense to the charge of burglary in that he did not have the intent to commit burglary, contending he was induced to plead guilty believing that he had no defense to the charge of burglary.

In evaluating the performance prong of the Strickland ineffectiveness inquiry, the Court recognizes that there is a strong presumption in favor of competence. The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted).

The trial court, referencing Strickland, denied the claim of ineffective assistance of trial counsel. Ex. E at 12-13. Specifically, the court said:

> In his Motion, the Defendant alleges ineffective assistance of counsel because his attorney failed to convey the nature of the charges and further because counsel did not argue to the court for a downward departure. This Court finds that the Defendant acknowledged his understanding of the nature of the charges and consented to the negotiated term of incarceration (Exhibit "A"). A defendant may not seek to go behind his sworn testimony at a plea hearing in a post

> conviction motion. Stano v. State, 520 So.2d 278 (Fla. 1988); Dean v. State, 580 So.2d 808 (Fla. 3d DCA 1991); Bir v. State, 493 So.2d 55 (Fla. 1st DCA 1986). Therefore, this Court finds that the Defendant has failed to establish error on the part of counsel or prejudice to his case. Strickland, 466 U.S. 668. The Defendant's only ground for relief is denied.

Id. at 13.

Petitioner has not shown that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Petitioner was facing a possible fifteen-year sentence. He has not suggested any meaningful defense to this charge. Apparently, the police found Petitioner hiding in the victim's bedroom closet, wearing the victim's clothes, and in possession of the victim's property. Ex. A, Arrest Report.

During the plea colloquy Petitioner admitted that pre-plea, he and his defense counsel discussed the case against him. Tr. at 8. At the plea proceeding, Petitioner told the court that he had had enough time to discuss with counsel all of the possible defenses he might have to the charge. Id. at 8-9. He also responded affirmatively that counsel had thoroughly investigated the state's case against him. Id. at 9. Petitioner said he gave his attorney permission to enter into negotiations with the state. Id. at 8. When the state provided its factual basis for the plea, no objections or exceptions were made. Id. at 7. Ultimately,

Petitioner expressed his satisfaction with counsel's representation. Id. at 9-10.

Even assuming deficient performance, Petitioner has not shown prejudice, as Petitioner was still facing substantial time. Thus, Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his lawyer had given the assistance that Petitioner has alleged should have been provided. Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.

Petitioner is not entitled to relief on ground one of the Petition, the claim of ineffective assistance of trial counsel for failure to investigate a possible defense and for failing to advise him of a viable defense, before advising Petitioner to plead guilty.[5] Deference, under AEDPA, should be given to the state court's decision. Petitioner raised the issue in his Rule 3.850 motion, the trial court denied the motion, and the appellate court affirmed. The state courts' adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts.

**Ground Two**

The second ground of the Petition is "Ineffective Counsel for failing to argue for a downward departure during sentencing."

---

[5] Petitioner waived any claims regarding the merits of his defense or prosecution when he entered his plea.

Petition at 6. In his second ground, Petitioner claims his counsel failed to argue for a mitigated sentence, and Petitioner received a statutory maximum sentence of five years. In this ground, Petitioner raises a Sixth Amendment claim of ineffective assistance of trial counsel based on counsel's failure to argue for a mitigated sentence. Addressing the Rule 3.850 motion, the trial court rejected this claim finding that Petitioner consented to the negotiated term of incarceration. Ex. E at 13. Indeed, the record shows that Petitioner entered into a negotiated sentence of five years, signing a written Plea of Guilty and Negotiated Sentence. Id. at 15-16. At the plea proceeding, defense counsel announced that the parties reached a negotiated disposition, and that Petitioner would receive an adjudication of guilt of burglary to a dwelling, a second-degree felony, and that he would receive five years in prison. Tr. at 6. The prosecutor then informed the court that the guidelines were from twenty-two months to fifteen years. Id. at 7.

Petitioner admitted to the trial court that he gave his counsel permission to enter into a negotiation with the state, and he stated that he was satisfied with the negotiated sentence of five years of incarceration. Id. at 8. Petitioner accepted the specific terms of a negotiated sentence and received the benefit of the bargain. Petitioner's claim that counsel was ineffective for failing to argue for a mitigated sentence has no merit under these circumstances of a negotiated disposition of the criminal case.

In the alternative, the trial court concluded that defense counsel was not ineffective. Not only did the court find counsel's performance within the range of reasonably competent counsel, the court also found Petitioner failed to show prejudice. Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his lawyer had given the assistance that Petitioner has alleged should have been provided. Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.

Petitioner is not entitled to relief on ground two of the Petition, the claim of ineffective assistance of trial counsel. Deference, under AEDPA, should be given to the state court's decision, which was affirmed on appeal of the denial of the Rule 3.850 motion. The state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. Ground two is due to be denied.

**Variance**

Based on the record, there is a variance between the arrest and booking report, which states that the offense occurred on December 8, 2008, and the Information, which states that the offense occurred on December 8, 2007. Additionally, there is a variance between the arrest and booking report and the factual basis for the plea provided to the trial court and accepted by the

court, which referred to the offense date as being December 8, 2007. In the Supplemental Response, Respondents state that no claim of error on the discrepancy was raised in state court. Supplemental Response at 1. Respondents surmise that Ellis knew the offense date because in Florida broad discovery is allowed in criminal cases. Id. They also argue that Ellis accepted the benefit of the bargain, and since he pled guilty, he waived any error. Id. Respondents also contend that at the plea proceeding, the successor prosecutor merely recited verbatim the language from the Information, thus repeating the scrivener's error from the Information. Id. at 2.

Upon review of the transcript of the plea proceeding, the factual basis provided by the successor prosecutor is not recited verbatim from the language provided in the Information; however, the successor prosecutor did say that the offense date was December 8, 2007, as provided in the Information. The record also shows that Petitioner never claimed that this error in the stated offense date hindered his preparation of his defense. Any claim concerning this error is unexhausted and procedurally defaulted. Petitioner has not shown cause and prejudice or that a fundamental miscarriage of justice will result if such a claim is not addressed on the merits.

Based on the record, the crime actually occurred on a date a full year after the date alleged in the Information and recited in the factual basis for the plea. The question before the Court is

whether Petitioner suffered substantial prejudice due to this scrivener's error, which was repeated at the plea proceedings. See United State v. Roberts, 308 F.3d 1147, 1156 (11th Cir. 2002) (per curiam) (finding that the Court will not disturb a conviction based on a typographical error in the indictment and the date the proof shows that the crime occurred if the date shown falls within the statute of limitations and before the return of the indictment), cert. denied, 538 U.S. 1064 (2003).

In this instance, the crime was committed before the return date of the Information, it was within the applicable statute of limitations, and apparently Petitioner was not surprised or hampered in his defense by the error as there is no allegation of confusion about the date of the offense or any assertion that Petitioner was misidentified as the perpetrator of the offense. Indeed, Petitioner was found in the home of the victim on the date of the offense. Petitioner has not alleged that he was not present or that there is any possibility he might be prosecuted again for the same offense. See id. (recognizing two purposes in requiring consistency between allegations in the indictment and the proof at trial: (1) proper notification of the charges so that a defense may be prepared, and (2) protection against the possibility of another prosecution for the same offense).

Of great import, the charging document sets forth the elements of the offense, and the assistant state attorney provided the appropriate certification in the Information. In this instance,

the charging document and the recitation of the factual basis of the plea did not have the effect of describing a non-existent crime. Thus, the trial court was not deprived of jurisdiction:

> Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). More specifically, federal habeas relief may only be granted on a state charging document where that indictment was so defective as to deprive the trial court of jurisdiction. DeBenedictis v. Wainwright, 674 F.2d 841, 842-43 (11 Cir. 1982), citing, Branch v. Estelle, 631 F.2d 1229, 1233 (5 Cir. 1980). A charging document that sets forth the elements of the offense in language clear enough to enable the defendant to plead a bar in jeopardy does not raise a jurisdictional defect. Alexander v. McCotter, 775 F.2d 595, 599 (5 Cir. 1985). Such was the case here.

Bromell v. McNeil, No. 07-61917-CIV, 2008 WL 4540054, at *17 (S.D. Fla. Oct. 10, 2008) (not reported in F.Supp.2d).

The Court concludes that Petitioner was not prejudiced by the typographical error in the Information, which was reiterated by the successor prosecutor during the plea proceedings. Petitioner was fully aware of the incident upon which the charge of burglary was based as he was found inside of the victim's home. He has never asserted that there was any confusion about which burglary was at issue when he pled to the offense, and the possibility is nil that he might be prosecuted again for the same offense. No prejudice has been shown under the circumstances at issue, and Petitioner is not entitled to habeas corpus relief.

**CERTIFICATE OF APPEALABILITY**

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

3. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability.** Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of June, 2013.

ROY B. DALTON, JR.
United States District Judge

sa 6/5
c:
Marcus Isaish Ellis
Counsel of Record